# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF PUBLIC WELFARE, | : No. 129 EAL 2014<br>:<br>: |
| Respondent | : Petition for Allowance of Appeal from the<br>: Order of the Commonwealth Court<br>: |
| v. | :<br>:<br>: |
| JAMES EISEMAN, JR. AND THE PUBLIC INTEREST LAW CENTER OF PHILADELPHIA, | :<br>:<br>:<br>: |
| Petitioners | : |

| | |
|---|---|
| AETNA BETTER HEALTH, INC., HEALTH PARTNERS OF PHILADELPHIA, INC., AND KEYSTONE MERCY HEALTH PLAN, | : No. 130 EAL 2014<br>:<br>:<br>: Petition for Allowance of Appeal from the<br>: Order of the Commonwealth Court |
| Respondents | :<br>:<br>: |
| v. | :<br>:<br>: |
| JAMES EISEMAN, JR., AND THE PUBLIC INTEREST LAW CENTER OF PHILADELPHIA, | :<br>:<br>:<br>: |
| Petitioners | : |

| | |
|---|---|
| UNITEDHEALTHCARE OF PENNSYLVANIA, INC. D/B/A UNITEDHEALTHCARE COMMUNITY PLAN AND HEALTHAMERICA PENNSYLVANIA INC. D/B/A COVENTRYCARES, | : No. 131 EAL 2014<br>:<br>:<br>: Petition for Allowance of Appeal from the<br>: Order of the Commonwealth Court<br>: |
| Respondents | : |

|  |  | : |
| --- | --- | --- |
|  |  | : |
|  |  | : |
| v. |  | : |
|  |  | : |
|  |  | : |
| JAMES EISEMAN, JR. AND THE PUBLIC | | : |
| INTEREST LAW CENTER OF | | : |
| PHILADELPHIA, | | : |
|  |  | : |
| Petitioners | | : |

## ORDER

**PER CURIAM**

     **AND NOW**, this 23rd day of October, 2014, the Petition for Allowance of Appeal

is **GRANTED**.  The issues are:

(1)     Where Section 708(c) of the Right-[t]o-Know Law specifically provides that a "financial record" is not exempt from disclosure on the basis that it contains a "trade secret" or "confidential proprietary information," is this explicit provision nullified by the earlier-enacted Pennsylvania Uniform Trade Secrets Act?

(2)     When public funds are funneled through middlemen before reaching their intended beneficiaries, are the records documenting this flow of public funds "financial records" required to be disclosed under the current version of the Right-[t]o-Know Law, as they were under the prior version of the law?

(3)     Are historical rates paid by Medicaid managed-care organizations (MCOs) "confidential proprietary information" and "trade secrets," when the rates from one year do not reveal the rates for future years, and when most of the MCOs have already disclosed such rates to a subcontractor who negotiates rates with their competitors?

The Prothonotary shall establish parallel briefing tracks for this case and <u>Dental Benefit Providers, Inc. v. Eiseman</u>, No. 132-34 EAL 2014, and the two cases, though not consolidated, shall be listed for argument at the same Court session.

[129-31 EAL 2014] - 2