**DEPARTMENT OF CORRECTIONS,**
**Petitioner**

**v.**

**Vernon MAULSBY, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 13, 2015.
Decided July 23, 2015.

Valerie Janosik–Nehilla, Assistant Counsel, Mechanicsburg, for petitioner.

BEFORE: BERNARD L. McGINLEY, Judge, and RENÉE COHN JUBELIRER, Judge, and P. KEVIN BROBSON, Judge.

OPINION BY Judge BERNARD L. McGINLEY.[1]

The Department of Corrections (Department) petitions for review of the June 20, 2014 final determination of the Office of Open Records (OOR) granting the appeal of Vernon Maulsby (Requestor).

■ On May 5, 2014, Requestor, an inmate at the State Correctional Institution at Graterford (SCI–Graterford), submitted a Right–to–Know Law[2] (RTKL) request to the Department seeking an unredacted copy of the contract between the Department and Wexford Health Sources, Inc. (Wexford). On May 7, 2014, the Department partially granted the request, redacting certain information in order to protect non-public and sensitive data and citing sections 708(b)(1)(ii) (relating to the risk of physical harm to or personal security of an individual) and 708(b)(6) (relating to personal identification information), 708(b)(11) (relating to confidential proprietary information), and 708(b)(26) (relating to agency contracts, bids, bidder information, or identity of members, notes and other records of agency proposal evaluation committees) of the RTKL, 65 P.S. §§ 67.708(b)(1)(ii), (6), (11), (26). (Reproduced Record (R.R.) at 7a–9a.)

Requestor appealed to the OOR, arguing that the requested records document the receipt or use of agency funds, that none of the Department's purported exemptions are applicable, and that the OOR has previously directed the disclosure of the identical contract, unredacted, in *Gerber v. Pennsylvania Department of Corrections*, OOR Dkt. AP 2014–0186, 2014 Pa. O.O.R.D. Lexis 1487 (filed March 10, 2014).[3] By letter dated May 21, 2014, the OOR acknowledged receipt of the appeal, advised the parties that they may submit further information, including affidavits, and legal argument within seven days, and noted the Department's obligation to notify a third party that it may request to participate, if the requested records contain confidential, proprietary, or trademarked records. As noted above, the Department alleged that the requested records contained trade secrets or confidential proprietary information as support for its redaction of the contract. Nevertheless, the Department failed to notify Wexford of the pending appeal before the OOR.[4]

---

1. This case was reassigned to the authoring Judge on July 6, 2015.

2. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

3. In *Gerber*, the requestor was also an inmate who had sought a copy of the contract between the Department and Wexford. The Department responded with a redacted copy of the contract in order to protect nonpublic and sensitive data which it alleged was exempt under sections 708(b)(1)(ii), 708(b)(6), 708(b)(11), and 708(b)(26) of the RTKL, the same exemptions it currently relies upon. The requestor appealed to the OOR. The Department argued in a position statement that the appeal was insufficient because the requestor did not state the grounds upon which

he asserted the record was a public record. The Department did not address its claimed exemptions. The OOR rejected the Department's argument and granted the requestor's appeal, directing the Department to provide the unredacted contract. The Department did not appeal.

4. The Department did submit a position statement letter, which included declarations from Christopher Oppman, Director of the Department's Bureau of Health Care Services, and Beth Procopio, a Chief in the Department's Administrative Services Division of the Bureau of Administration, explaining that the requested records contain proprietary, trade secret, financial, and confidential technical information belonging to Wexford and its sub-

By final determination dated June 20, 2014, the OOR granted Requestor's appeal and directed the Department to provide Requestor with the unredacted Wexford contract. The OOR concluded that, based upon its prior decision in *Gerber*, the Department was collaterally estopped from relitigating the issue of whether the Wexford contract is subject to redaction. The OOR noted that it only decided the issue of the sufficiency of the stated grounds for appeal in *Gerber*, but stated that collateral estoppel "applies not only to matters decided, but also to matters that could have, or should have, been raised and decided in an earlier action." (OOR Final Determination at 5, citing *Bell v. Township of Spring Brook*, 30 A.3d 554, 558 (Pa. Cmwlth.2011)). The OOR stated that the Department had the full opportunity in *Gerber* to submit evidence and argument in support of the claimed exemptions but instead focused on the sufficiency of the appeal.

The OOR denied a request for reconsideration by the Department and the Department thereafter filed a petition for review with this Court. Wexford subsequently filed an application for leave to intervene with this Court alleging that the Department never notified it of the OOR appeal. Wexford alleged that the Department first notified it of this matter on June 27, 2014, seven days after the OOR's final determination was issued, at which time Wexford requested the opportunity to participate in any further proceedings before the OOR and to present substantive evidence in the context of reconsideration. By order dated August 25, 2014, we granted Wexford's application for leave to intervene.

■ On appeal,[5] the Department argues that the OOR erred in concluding that it was collaterally estopped from putting forth evidence regarding its asserted exemptions. We disagree.

■ "Collateral estoppel bars a claim raised in a subsequent action where (1) an issue decided in a prior action is identical to one presented in a later action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to the prior action or in privity with a party to the prior action, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action." *Pennsylvania Social Services Union, Local 688 v. Commonwealth of Pennsylvania*, 59 A.3d 1136, 1143–44 (Pa.Cmwlth.2012).

Citing *Scott v. Delaware Valley Regional Planning Commission*, 56 A.3d 40 (Pa. Cmwlth.2012), the Department correctly notes that this Court is not bound by the OOR's decision in *Gerber*. In *Scott*, John Scott sought certain email records from the Delaware Valley Regional Planning Commission (DVRPC). The DVRPC denied the request as overly broad and claimed that the records were exempt as pre-decisional deliberations under section 708(b)(10) of the RTKL, 65 P.S. § 67.708(b)(10). The DVRPC further alleged that it was not a Commonwealth agency and, hence, was not subject to the RTKL. Following an *in camera* inspection and the submission of further information and affidavits, the OOR issued a final determination concluding that only certain records were subject to exemption and

---

contractors, as well as confidential information regarding Wexford's customers.

**5.** This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 621 Pa. 133, 75 A.3d 453, 467 (2013).

directing the disclosure of the remainder. As to whether the DVRPC was a Commonwealth agency, the OOR noted that it had previously concluded that it was and did not need to address this issue further. Both Scott and the DVRPC appealed to this Court. Scott argued that the DVRPC should be collaterally estopped from arguing that it was not subject to the RTKL based on the OOR's previous decision on this issue. However, we rejected Scott's collateral estoppel argument, holding that prior OOR decisions have no precedential value and are not binding on this Court.

In the present case, Requestor is not asserting that the Department should be collaterally estopped from arguing its purported exemptions before this Court. Indeed, by order dated January 6, 2015, Requestor was precluded from filing a brief. Rather, the Department is arguing that "the OOR committed an error of law when it ordered that the Department is collaterally estopped from having a full and fair opportunity to litigate the matter." (Department's Brief at 9.) We cannot agree with the Department in this regard.

■ "While an administrative agency is not bound by the rule of stare decisis, an agency does have the obligation to render consistent opinions, and should either follow, distinguish or overrule its own precedent." *M.T. v. Department of Education,* 56 A.3d 1, 13 (Pa.Cmwlth.2010) (citing *The Standard Fire Insurance Company v. Insurance Department,* 148 Pa.Cmwlth. 350, 611 A.2d 356, 359 (1992)). In light of this obligation, we see no reason to preclude an agency from applying the doctrine of collateral estoppel to an issue it has previously decided. All four elements of collateral estoppel are met in the present case. The issue in this case as well as *Gerber* involved whether the contract between the Department and Wexford was a public rec-

ord subject to full disclosure; the *Gerber* matter resulted in a final judgment on the merits; the Department, against whom collateral estoppel was asserted, was a party in the Gerber matter; and the Department had a full and fair opportunity to litigate the issue in *Gerber.* The only difference between the present case and *Gerber* was the identity of the party requesting the records, but the party against whom collateral estoppel is raised is the Department in both proceedings.

Contrary to the Department's assertion, it did have a full and fair opportunity to litigate the merits of its asserted exemptions concerning the Wexford contract in the *Gerber* case. However, the Department in *Gerber* instead chose to challenge the requestor's appeal solely on the basis that the requestor failed to state the grounds upon which he asserted the record was a public record. In other words, in the *Gerber* case, the Department was faced with the same issue concerning the same document, had an opportunity to fully and fairly litigate the issue in that case by raising all of the same exemptions raised in this case, but in litigating the matter to judgment, it chose to raise only one argument.

Hence, the OOR did not err in applying the doctrine of collateral estoppel and precluding the Department from putting forth evidence regarding its asserted exemptions.

■ Nevertheless, the OOR's application of collateral estoppel does not mandate disclosure of a complete, unredacted copy of the Wexford contract in this case, especially in light of the Department's failure to follow the OOR's procedural mandate requiring notification to third parties if the requested records contain confidential, proprietary, or trademarked records of a business entity. In its intervenor's brief, Wexford argues that it was entitled

to notice and/or an opportunity to be heard as to why the requested records, which contain confidential proprietary information, should be exempt from disclosure.

Section 708(b)(11) of the RTKL specifically exempts from disclosure "[a] record that constitutes or reveals a trade secret or confidential proprietary information." 65 P.S. § 67.708(b)(11). Section 102 of the RTKL defines "confidential proprietary information" as:

> Commercial or financial information received by an agency:
>
> (1) which is privileged or confidential; and
>
> (2) the disclosure of which would cause substantial harm to the competitive position of the person that submitted the information.

65 P.S. § 67.102. "In determining whether disclosure of confidential information will cause 'substantial harm to the competitive position' of the person from whom the information was obtained, an entity needs to show: (1) actual competition in the relevant market; and, (2) a likelihood of substantial injury if the information were released." *Department of Public Welfare v. Eiseman*, 85 A.3d 1117, 1128 (Pa.Cmwlth.), *appeal granted*, —— Pa. ——, 106 A.3d 610 (2014) (citations omitted).

Additionally, "[c]ompetitive harm analysis 'is limited to harm flowing from the affirmative use of proprietary information by competitors. Competitive harm should not be taken to mean simply any injury to competitive position.'" *Id.* (citing *Watkins v. United States Bureau of Customs*, 643 F.3d 1189, 1194 (9th Cir. 2011)). In making such determinations, we have recognized the importance of expert testimony/affidavits regarding efforts to maintain secrecy, industry practices, the sensitivity of the information, and the potential of substantial harm from disclosure.

*Id.* at 1129–30 (fact witness testimony "falls short," but expert testimony "tips the balance in favor of protecting" third-party rate information as confidential proprietary information); *see also Giurintano v. Department of General Services*, 20 A.3d 613 (Pa.Cmwlth.2011) (affidavit of president and CEO of third-party contractor sufficient to establish that the requested information identifying the contractor's interpreters constituted confidential proprietary information).

While "neither the requester, the agency, nor OOR have a duty under the RTKL to provide notice to a third party whose interests may be implicated by a RTKL request," *Office of Governor v. Bari*, 20 A.3d 634, 648 (Pa.Cmwlth.2011), this Court has consistently recognized the serious due process concerns implicated by this lack of notice, particularly where the confidential information of a private entity is at stake. In *Bari*, we considered the OOR's grant of a RTKL appeal where the requested material included documents of a third-party, private, non-profit corporation. We ultimately vacated the OOR's final determination and remanded with instructions for the OOR to conduct a hearing on the issue of whether the confidential proprietary information exemption was applicable. We described the OOR's reluctance to conduct hearings or to perform *in camera* review of the subject records in that type of proceeding as "confounding," noting that the OOR should "take all necessary precautions ... before providing access to information which is claimed to reveal 'confidential proprietary information' under Section 708(b)(11) of the RTKL." *Id.*

Moreover, in these types of cases, we stressed that:

> [T]he burden is on the agency receiving a RTKL request to establish that an exemption under Section 708(b) of the

RTKL applies. Such a burden is especially problematic where Section 708(b)(11) of the RTKL is at issue because the sought after information likely relates to private entities, who [sic] may or may not be aware of the pending action. . . . Releasing the potentially confidential information of a private entity based solely on an agency's failure to adequately defend a RTKL request could have serious due process implications. For this reason, OOR should take all necessary precautions, such as conducting a hearing or performing in camera review, before providing access to information which is claimed to reveal 'confidential proprietary information' under Section 708(b)(11) of the RTKL.

*Id.*

Similarly, in *Bagwell v. Pennsylvania Department of Education*, 76 A.3d 81 (Pa. Cmwlth.2013), we recognized "the necessity of protecting rights of third parties because the RTKL lacks a mechanism for providing notice and ensuring full participation." [6] *Id.* at 91 (citing *Levy v. Senate of Pennsylvania*, 619 Pa. 586, 65 A.3d 361, 382 (2013)). We noted that jurisdiction was proper before the OOR, which had yet to rule on the merits of the substantive exemptions/exceptions. We further noted that it was unclear if PSU had an opportunity to participate in the OOR proceedings. Because of the limited record developed by the OOR, we declined to exercise our authority to independently review the matter and we reversed and remanded to the OOR for "development of a fuller record, expanded if necessary to include submissions from interested third parties." [7] *Id.*

We recently addressed this topic in *Pennsylvania State Education Association v. Department of Community and Economic Development, Office of Open Records*, 110 A.3d 1076 (Pa.Cmwlth.2015), albeit in the context of home addresses and the personal security exception found in section 708(b)(1)(ii) of the RTKL, 65 P.S. § 67.708(b)(1)(ii). The matter began with the filing of a petition for review in the nature of a complaint in equity against the OOR wherein the Pennsylvania State Education Association and several of its members (Petitioners) sought a declaration that the home addresses of public school employees are exempt from disclosure under the RTKL and that the OOR is enjoined from permitting disclosure of the same. Petitioners asserted a constitutional right to privacy in their home addresses and argued that the personal security, personal information, and other laws or decisions exceptions of the RTKL could be

**6.** In *Bagwell,* a requestor sought records of the Secretary of the Department of Education in his capacity as an *ex officio* member of the Board of Trustees of the Pennsylvania State University (PSU). The Department of Education provided some responsive records but denied the bulk of the request on numerous grounds, including attorney-client and attorney work-product privileges, the predecisional deliberative exemption, the noncriminal investigative exception, and the personal information exception. The requestor appealed to the OOR. The Department of Education responded that the undisclosed records were not its records, but records of PSU, and alleged that the appeal should be dismissed for lack of jurisdiction over PSU records given that PSU was not an agency subject to the RTKL. The OOR agreed and dismissed the appeal in its final determination, and the requestor appealed to this Court.

**7.** We explained in *Bagwell* that "[b]ecause we treat OOR as the fact-finder in the first instance, we leave to the thoughtful discretion of OOR to determine what defenses to disclosure are properly before it, whether to allow more evidence, who may participate, and what time frame is appropriate for disposition. . . ." *Id.* at 91–92.

interpreted as protecting home addresses from disclosure.[8]

The OOR filed a motion for summary judgment on the basis of prior decisions of this Court holding that there is no constitutional right to privacy in one's home address. Petitioners filed a motion to amend their petition for review seeking to add new counts. Specifically, Petitioners sought to add a count alleging that the RTKL violates the fundamental right to due process because it does not provide affected individuals with notice that a request for personal information has been received, an opportunity to be heard, or party status before the OOR. Petitioners also sought to add a count alleging that the RTKL was fatally flawed and unenforceable because section 708(b)(1)(ii) purports to create a personal security exception to the disclosure of personal information without any mechanism to apply that exception to protect an affected individual from harm. By decision and order dated July 30, 2013, we granted Petitioners' motion to amend. The OOR responded to these new counts and later renewed its motion for summary judgment as to all counts.

Ultimately, this Court granted the OOR's motion and dismissed Petitioners' original counts, but denied the OOR's motion with respect to the new counts in the amended petition for review. In this regard, we granted a cross-motion for summary judgment filed by Petitioners with respect to these counts and enjoined the OOR and the public school districts from disclosing records containing the home addresses of public school employees until the affected employees have been provided with written notice and meaningful opportunity to object at the request stage based on, but not limited to, the personal security exception. Further, we directed the OOR to permit public school employees who choose to object to the disclosure of their home addresses "to intervene, as of right, in an appeal from the denial of a [RTKL] request for such information or to appeal as an aggrieved party from a grant by the public school district of the [RTKL] request for their personal address information." *Id.* at 1089.

In reaching this decision, we noted that section 1101(c)(1) of the RTKL, 65 P.S. § 67.1101(c)(1),[9] only provides "discretionary and conditioned participation by an affected individual with a direct interest at the OOR appeal stage." *Id.* at 1085. We explained that "[t]his lack of procedural due process prior to granting access to a record essentially eviscerates the General Assembly's intent to protect an individual from the risk of personal harm or risk to his or her personal security that may occur by the disclosure of such a record" and that "[t]his lack of due process violates the statutory scheme of the RTKL." *Id.* at 1086. We believe that this reasoning can be equally applied to requests for records

---

**8.** This Court initially granted Petitioners' application for a preliminary injunction. However, following the filing of preliminary objections by the OOR, we dismissed the petition for review, holding that the appropriate defendants in the action were the school districts that held the records and personal information sought, not the OOR. On appeal, however, our Supreme Court vacated our decision and remanded for further proceedings, agreeing with Petitioners that the OOR may fairly be regarded as an indispensable party.

**9.** Section 1101(c)(1) states that:

A person other than the agency or requester with a direct interest in the record subject to an appeal under this section may, within 15 days following receipt of actual knowledge of the appeal but no later than the date the appeals officer issues an order, file a written request to provide information or to appear before the appeals officer or to file information in support of the requester's or agency's position.

containing confidential proprietary information.

In the present case, following Requestor's appeal, the OOR sent a letter to the parties dated May 21, 2014, advising them of their ability to submit further information, including affidavits, and legal argument within seven days. This letter also advised the Department of its obligation to notify certain third parties of the pending appeal, stating as follows:

> **Agency Must Notify Third Parties:** If records contain personal information of an employee of the agency; contain confidential, proprietary or trademarked records of a person or business entity; or are held by a contractor or vendor, the **agency must notify such parties of this appeal immediately and provide proof of that notice to the OOR within 7 business days.**
>
> Such notice must be made by 1) providing a copy of all documents included with this letter; and 2) advising **that interested persons may request to participate in this appeal** (*see* 65 P.S. § 67.1101(c)).
>
> The Commonwealth Court has held that 'the burden [is] on third-party contractors ... to prove by a preponderance of the evidence that the [requested] records are exempt.' *See Allegheny County Dep't of Admin. Servs. v. A Second Chance, Inc.,* 13 A.3d 1025, 1042 (Pa. Cmwlth.2011). **Failure to participate in an appeal before the OOR may be construed as a waiver of objections regarding release of the requested records.**

(R.R. at 12a) (emphasis in original). There is no dispute that the Department failed to notify Wexford as directed in this letter. Thus, Wexford never had notice or an opportunity to be heard before the OOR rendered a final determination in this case. In accordance with our prior case law, Wexford should be afforded an opportunity to challenge the release of any purported confidential proprietary information. The General Assembly specifically chose to protect this type of information in section 708(b)(11) of the RTKL. Similar to *Pennsylvania State Education Association,* granting access to the requested record would eviscerate the protection that was expressly provided by the General Assembly.

Accordingly, the final determination of the OOR is vacated, and the matter is remanded to the OOR for further proceedings consistent with this opinion.

Judge PATRICIA A. McCULLOUGH did not participate in the decision in this case.

### ORDER

AND NOW, this 23rd day of July, 2015, the final determination of the Office of Open Records, dated June 20, 2014, is hereby vacated, and the matter is remanded to the OOR for further proceedings consistent with this opinion.

Jurisdiction relinquished.