DISSENTING OPINION by
Judge McCullough.
I respectfully dissent from the Majority. The case has been mooted because the Partnership Community Development Corporation (PCDC) has withdrawn its objection to the request of Jihad Ali for the release of documents under the Right to Know Law (RTKL).[1] While. this issue may arise in the future, there simply is no basis to conclude that when, or if, it does, the issue will evade' review because an interested party waives its objection to release of the contested information. On the contrary, I do not believe that we should use a matter in which there is no longer a case or controversy as a platform to dive into the intricacies of federal copyright law.
Nonetheless, because the Majority resolves the merits of this case on the basis of federal copyright law, I will discuss how we can dispose of the case on the basis of a straightforward application of the provisions of the RTKL. The Majority’s decision does not consider that any application of the federal copyright law is not undertaken in a vacuum. Rather, we must first resort to the RTKL, for that is the basis of the OOR’s jurisdiction in this matter. A review of the RTKL shows that a consideration of the request for documents in this case, and the defenses asserted thereto *109 based on copyright exemptions, is subsumed within section 708(b) of the RTKL. Clearly then, as the issues have been presented to this Court on appeal, specifically that the documents contained within a proposal are exempt from disclosure based on copyright law, we must necessarily consider the applicable RTKL provisions.
In this case, Ali filed a request with the Philadelphia City Planning Commission (Commission) seeking “[a]ll public records in the possession of the [Commission] from 2003 to- the present time relating to the revitalization and redevelopment of the 60th Street commercial corridor.” (Trial court op. at 1.) The Commission granted in part, and denied in part, Ali’s request. The Commission explained that-certain responsive records, including plans, architectural drawings, renderings, and photographs, are subject to the copyright of the PCDC and must be redacted.
The Commission also noted that certain records, namely a financial statement and an operating budget, were being redacted as trade secrei/confidential proprietary information. The Commission stated that it was advised by the PCDC that these records contained confidential proprietary information, the release of which would cause substantial harm to its competitive position given that these records contain a model created by the PCDC for pricing and financing techniques relating to scattered site affordable housing. The Commission cited section 708(b)(ll) of the RTKL, 65 P.S. § 67.708(b)(ll), which exempts a record that constitutes or reveals a trade secret or confidential proprietary information from access by a requester.
Ali appealed the partial denial to the OOR, which concluded that since the PCDC holds the copyright on certain records withheld by the Commission and the PCDC did not consent to the release of the same,' it was precluded under section 305(a)(3) of the RTKL, 65 P.S. § 67.305(a)(3), from ordering the release of records that would be exempt under any federal law. However, the OOR also con-chided that the Commission had failed to meet its burden of establishing that the PCDC’s financial statement and operating budget were exempt from disclosure as confidential proprietary information and, hence, directed the disclosure of the same without’ redaction. The Court of Common Pleas of Philadelphia County (trial court) thereafter denied Ali;s further appeal.
However, the analysis by the OOR fails to consider that the documents in question were contained as part of a proposal even though this was clearly indicated as part of the record before it. Moreover, this consideration is necessarily a critical part of the OOR’s review as the PCDC asserts copyright exemption to the materials. in the proposal. In an affidavit submitted to the Office of Open Records (OOR), Steven Williams,'Executive Director of the PCDC, stated that the PCDC submitted the documents in á record titled, '“Affordable Rental Housing Development Proposal” relating to the revitalization ’ and redevelopment of the 60th Street commercial corridor in the City, of Philádelphia. The RTKL clearly addresses proposals for construction/redevelopment projects.
PCDC asserted it is the holder of a copyright with respect to the documents contained within the proposal, i.e., architectural schematics, architectural drawings, maps, and artists’ renderings that appear in the -responsive documents. Williams also stated that the requested records in the nature of a financial,statement and operating budget, also submitted as part of the proposal, were confídéntial proprietary information of the PCDC, the disclosure of which would cause substantial *110 harm to the PCDC’s competitive position.[2]
The first question we must address is whether these documents qualify as a public record under section 102 of RTKL, which is defined as:
A record, including a financial record, of a Commonwealth or local agency that:
(1) is not exempt under section 708;
.(2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or
(3) is not protected by a privilege.
65 P.S. § 67.102. Section 305(a) of the RTKL presumes that a record in the possession of a Commonwealth agency is a public record. 65 P.S. § 67.305(a). Here, the proposal was submitted by the PCDC to the Commission for the award of a contract in a construction project and is in the possession of the agency. Clearly, the proposal is a public record. A, public record must be disclosed upon request unless otherwise entitled to an exemption. The burden is on the local agency to prove that a record is exempt from public access. Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1); Heavens v. Pennsylvania Department of Environmental Protection, 65 A.3d 1069, 1073 (Pa.Cmwlth.2013).
We look to Section 708(b) of the RTKL, which sets forth certain exceptions for public records, providing, in relevant part, as follows:
Except as provided in subsections (c) and (d), the following are exempt from access by á requester under this Act:
. (26) A proposal pertaining to agency procurement or disposal of supplies, services or construction prior to' the award of the contract or prior to the opening and rejection of all bids; financial information of a bidder or offeror requested in an invitation for bid or request for proposals to demonstrate the bidder’s or offeror’s economic capability; . or the identity of members, notes and other ■ records of agency proposal evaluation committees established under 62 Pa.C.S. § 513 (relating to competitive sealed proposals).
65 P.S. § 67.708(b)(26) (emphasis added). This section clearly exempts from disclosure a proposal pertaining to agency services or construction prior to the award of the contract or prior to the opening and rejection of all bids. Here, the proposal for the construction/redevelopment project was submitted in 2003 and the request was made in 2013 for all information pertaining to the project. While we could remand to have specific findings made concerning whether the PCDC was awarded the contract for the construction/redevelopment, it seems obvious that such is the case here. Because the project has been underway for years,' and the contract was awarded, it is clear that the exemption granted to proposals no longer *111 applies and the records are subject to full-disclosure.
I recognize the Commission’s and the PCDC’s position .that the documents, i.e., the architectural schematics, architectural drawings, maps, artists’ renderings, financial statement, and operating budget, were subject to copyright and trade se-' cref/proprietary information. However, proposals submitted for award of a corn-tract for construction typically do contain' such documents and the legislature clearly distinguished proposals of this nature from other intellectual property documents submitted to it. ’ ■
Indeed, section 102 of the RTKL addresses intellectual property matters in general and defines such documents as follow:
“CONFIDENTIAL PROPRIETARY INFORMATION.” Commercial or financial information received by an agency:
(1) which is privileged or confidential; and
(2) the disclosure of which would cause substantial harm to the competitive position of the person that submitted the information.
“TRADE SECRET.” Information, including a- formula, drawing,, pattern, compilation, including a customer list,, program, device, method, technique or process that:
(1) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and
'(2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
The term includes data processing software obtained' by an agency under a ‘licensing agreement prohibiting disclosure. '
65 P.S. § 67.102 (emphasis added).[3] Hence, drawings, such as architectural drawings, "artists’ renderings, schematics, etc., submitted as part of a proposal for award of contract, which derive independent economic benefit by not being generally known and readily ascertainable by persons who can obtain economic value from its disclosure (i.e., competing contractors, architectural firms, etc.) would fall within the purview of this definition of trade' secret. Section 708(b)(ll) of the" RTKL specifically exempts “[a] record that constitutes or reveals a trade secret or confidential'proprietary information.” 65 P.S. §' 67.708"(b)(ll). If the analysis were to end here, the records would be exempt. However,"the RTKL further addresses how requests for such documents are to be handled under section 707 of the RTKL, entitled “Production of certain records,” which states, in pertinent part, as follows:
(b) REQUEST . FOR TRADE SECRETS. — An agency shall notify a third party of a request for a record if the third party provided the record and included a written statement signed by a representative of the third party that the record contains,a trad¿ secret or confidential proprietary information. *112 Notification shall be provided within five business days of receipt of the request for the record. The third party shall have five business days from receipt of notification from the agency to provide input on the release of the record. The agency shall deny the request for the record or release the record within ten business days of the provision of notice to the third party and shall notify the third party of the decision.
65 P.S. § 67.707(b). Even under this provision, in order to receive notice of a request, the third party which provided the record must include with it a written, signed statement that the record contains trade secret or confidential proprietary information.
While the record does not indicate whether the PCDC included the necessary notification language in its proposal per section 707(b) of the RTKL, the Commission did notify them of the request. The PCDC initially objected to release of the records by asserting confidential proprietary information and copyright (in documents which fall within the trade secret definitions of the RTKL), but subsequently withdrew its objection. The federal courts have held that if by submitting a bid proposal to a government agency, a company is required to disclose confidential information, it is exempted from disclosure if it will cause substantial harm to the competitive position of the person from whom the information was obtained. National Parks & Conservation Association v. Morton, 498 F.2d 765, 770 (D.C.Cir.1974). However, here, the PCDC withdrew its objection, and with it any claim that release of the information would cause substantial harm. Hence, this renders the appeal moot, as these records are clearly subject to disclosure.
Because these public records were submitted as part of a proposal for construction, we are also guided by the RTKL’s specific provision addressing the- same. The legislative intent is clear that proposals for construction are to be specifically and =separately addressed under section 708(b)(26) of the RTKL. In. other words, public records that contain information which is subject to trade secret or other proprietary information, which by definition includes copyright materials, once submitted in a proposal to a Commonwealth. or local agency for consideration for a contract for construction/redevelopment, must also be viewed under section 708(b) of the RTKL.
Specifically,, under section 708(b)(26) of the RTKL, the PCDC’s proposal, including its architectural schematics, architectural drawings, maps, and artists’ renderings, would, have been exempt from disclosure before award of the contract, but, since the contract was awarded and the PCDC withdrew its objection to release of the records, they, are now subject to disclosure. Additionally, I note that section 708(b)(22) of the RTKL, 65 P.S. § 67.708(b)(22), also contains an exemption for the content of real estate appraisals, engineering or feasibility estimates, environmental reviews, audits or evaluations relating to construction projects, and similarly provides in section ' 708(b)(22)(ii), 65 ‘ P.S. § 67.708(b)(22)(ii), that .the exemption no longer applies once the decision is made to proceed with the construction project.
Notwithstanding the mootness of this appeal, the intent of the legislature is clear. Proposals for award of construction/redevelopment contracts are public records subject to exemption before the contract is awarded, but once the contract is -awarded, these public records are subject to full disclosure unless otherwise specifically exempted. Here, the PCDC’s proposal was submitted to the Commission for consideration for a construction project *113 in the City of Philadelphia. Now, in light of PCDC’s withdrawal of the objection to release of the information, and more than ten years after submission of the proposal and development of the project, these records are clearly subject to full disclosure under the RTKL.
Accordingly, I would first hold that the appeal was moot, but in the alternative I would vacate the order of the trial court and remand, with specific instructions to remand to the OOR, to fully consider whether the requested records, which included materials submitted as part of a proposal, constitute a “public record” under sections 102 and 708(b) of the RTKL.

. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

. Section 708(c) of the RTKL provides for the release of financial'records, with limited redaction. Specifically, this section states, in pertinent part, that "[t]he exceptions set forth in subsection (b)' shall not apply to financial records, except that an. agency may redact that portion of a financial record protected under subsection (b)(1), (2), (3), (4), (5), (6), (16) or (17).” These protections relate to, inter alia, the disclosure of records that would likely result in a risk of physical harm to or the' personal security of an individual, jeopardize public safely or a criminal investigation, or reveal medical or personal identification information. The record does not indicate that PCDC raised any of these protections as a basis for exemption of the financial records. The parties did not appeal the disclosure of the financial documents.

. The definition of "trade secret" is derived from identical language contained in section 5302 of the Pennsylvania Uniform Trade Secrets Act (Trade Secrets Act), 12 Pa.C.S. § 5302. This Court has recognized the Trade Secrets Act as a statutory exemption from disclosure under the RTKL. See Commonwealth v. Eiseman, 85 A.3d 1117 (Pa. Cmwlth.), appeal granted, — Pa. -, 106 A.3d 610 (2014); Parsons v. Pennsylvania Higher Education Assistance Agency (PHEAA), 910 A.2d 177 (Pa.Cmwlth.2006).