IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wexford Health Sources, Inc.,      :
     :
     Petitioner      :
     :
     v.      : No. 818 C.D. 2019
     : Submitted: November 27, 2019
Pennsylvania Department of      :
Corrections and Vernon Maulsby,      :
     :
     Respondents      :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge[1]
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                         FILED: January 6, 2021


Wexford Health Sources, Inc. (Wexford) petitions for review of a Final Determination of the Pennsylvania Office of Open Records (OOR), which granted in part, and denied in part, the appeal of Vernon Maulsby (Requester) on remand pursuant to *Department of Corrections v. Maulsby*, 121 A.3d 585 (Pa. Cmwlth. 2015). We affirm.

Requester, an inmate at the State Correctional Institution at Graterford, submitted a request to the Pennsylvania Department of Corrections

---

[1]The decision in this case was reached prior to January 4, 2021, when Judge Brobson became President Judge.

(Department) pursuant to the Right-to-Know Law (RTKL),[2] seeking an unredacted copy of a contract between the Department and Wexford.  The Department partially denied the request, providing a redacted copy of the contract and citing exemptions to further disclosure as provided in the RTKL, including an exemption for confidential proprietary information and trade secrets under Section 708(b)(11).[3]  Requester appealed to OOR, arguing that it had previously ordered

---

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

[3] 65 P.S. §67.708(b)(11).  Section 708(b)(11) states:

> **(b) Exceptions.**—Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:
>
> * * *
>
> (11) A record that constitutes or reveals a trade secret or confidential proprietary information.

In turn, Section 102 of the RTKL defines "trade secret" as:

> Information, including a formula, drawing, pattern, compilation, including a customer list, program, device, method, technique or process that:
>
> (1) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and
>
> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
>
> The term includes data processing software obtained by an agency under a licensing agreement prohibiting disclosure.

65 P.S. §67.102.

Finally, Section 102 also defines "confidential proprietary information" as:
**(Footnote continued on next page…)**

the Department to disclose an unredacted copy of the requested contract in another case. *See Gerber v. Pennsylvania Department of Corrections*, (OOR Dkt. AP 2014-0186, filed March 10, 2014) 2014 PA O.O.R.D. LEXIS 1487, (*Gerber*). OOR granted Requester's appeal on the basis that the Department was collaterally estopped from asserting any exemptions to disclosure because of the unappealed OOR order in *Gerber*.

On appeal, this Court upheld OOR's holding that the Department was collaterally estopped from raising exemptions to disclosure, *Maulsby*, 121 A.3d at 589, but noted that Wexford was not offered timely notice of the OOR appeal, nor provided with an opportunity to protect its trade secrets or confidential proprietary information. *See id.* at 590 ("[T]his Court has consistently recognized the serious due process concerns implicated by this lack of notice, particularly where the confidential information of a private entity is at stake.").[4]

---

**(continued…)**

> Commercial or financial information received by an agency:
> (1) which is privileged or confidential; and
>
> (2) the disclosure of which would cause substantial harm to the competitive position of the person that submitted the information.

*Id.*

[4] Specifically, we noted the following relevant procedural history of the case:

> The OOR denied a request for reconsideration by the Department and the Department thereafter filed a petition for review with this Court. Wexford subsequently filed an application for leave to intervene with this Court alleging that the Department never notified it of the OOR appeal. Wexford alleged that the Department first notified it of this matter on June 27, 2014, seven

**(Footnote continued on next page…)**

3

As a result, this Court concluded:

> There is no dispute that the Department failed to notify Wexford as directed in [an OOR May 21, 2014 letter.[5]] Thus, Wexford never had notice or an opportunity to be heard before the OOR rendered a final determination in this case. In accordance with our prior case law, Wexford should be afforded an opportunity to challenge the release of any purported confidential proprietary information. The General Assembly specifically chose to protect this type of information in [S]ection 708(b)(11) of the RTKL. [G]ranting access to the requested record would eviscerate the protection that was expressly provided by the General Assembly.
>
> Accordingly, the final determination of the OOR is vacated, and the matter is remanded to the OOR for further proceedings consistent with this opinion.

---

**(continued…)**

> days after the OOR's final determination was issued, at which time Wexford requested the opportunity to participate in any further proceedings before the OOR and to present substantive evidence in the context of reconsideration. By order dated August 25, 2014, we granted Wexford's application for leave to intervene.

*Maulsby*, 121 A.3d at 588.

[5] Section 1101(c)(1) of the RTKL states:

> A person other than the agency or requester with a direct interest in the record subject to an appeal under this section may, within 15 days following receipt of actual knowledge of the appeal but no later than the date the appeals officer issues an order, file a written request to provide information or to appear before the appeals officer or to file information in support of the requester's or agency's position.

65 P.S. §67.1101(c)(1).

*Id.* at 593 (citation omitted).

On remand, Wexford identified five categories of the requested records that it claimed were exempt from disclosure: (1) Electronic Medical Records software; (2) confidential policies and procedures; (3) a medical services implementation plan; (4) customer/subcontractor information; and (5) financial information relating to its ability to perform the contract. *See* Reproduced Record (R.R.) at 393a-405a. Wexford submitted a position statement supported by the affidavit of Nickolas Little (Little Aff.), Wexford's Vice President of Strategic Contracting and Compliance, to support its claimed exemptions. *See id.* at 410a-418a.[6]

---

[6] Wexford alleged the following regarding the purported exemption from disclosure of the requested financial information:

> Numerous information and/or pages of the Wexford Contract were redacted to remove financial information regarding [Wexford] and [Wexford's] subcontractors. . . . Section 708(b)(26) of the RTKL exempts from disclosure financial information submitted by a bidder in response to a request for proposal to demonstrate its economic capability. 65 P.S. §67.708(b)(26); Procurement Handbook, Part I, Chapter 50. [Wexford] submitted its financial information only to demonstrate its economic capacity, and that of its subcontractor, to provide healthcare services for the Department. Little Aff., ¶29.

> This financial information also qualifies as confidential proprietary information pursuant to RTKL Section 708(b)(11) because it includes financial information which, if known by competitors, would cause substantial harm to [Wexford's] market position. Little Aff., ¶30. Access to the company-wide financial information is limited to fewer than 8 individuals within the company, some with only limited access.

R.R. at 404a-405a. *See also* Section 708(b)(26) of the RTKL, 65 P.S. §67.708(b)(26) ("[T]he following are exempt from access by a requester under this act: . . . [F]inancial information of a
**(Footnote continued on next page…)**

5

On June 6, 2019, OOR issued a Final Determination granting in part, and denying in part, Wexford's appeal. *See* R.R. at 421a-428a. OOR granted Wexford's appeal with respect to the first four categories of the requested Wexford records, finding that they are exempt from disclosure pursuant to Section 708(b)(11) of the RTKL. *See id.* at 424a-427a.

However, OOR denied Wexford's appeal with respect to the requested financial information stating, in relevant part:

> Wexford redacted certain financial information from the Wexford contract. In his affidavit, Mr. Little attests that this information is limited to fewer than 8 company employees and is not generally known to the public. Mr. Little further attests that this information was only provided to the Department to demonstrate Wexford's capability to perform, and that disclosure of this information to the public "would result in substantial harm to Wexford[.]" While Mr. Little's affidavit sufficiently details the efforts undertaken to keep this information confidential, Mr. Little's affidavit provides no detail as to how disclosure of this information would be of value to Wexford's competitors. Accordingly, Wexford has failed to meet its burden of proof that this financial information is either "confidential proprietary information," or a "trade secret."[1]
>
> * * *
>
> [1] Wexford also argues that this financial information is exempt from disclosure under Section 708(b)(26) of the RTKL, which exempts from disclosure financial information submitted with a bid to demonstrate a bidder's capability to perform under the proposed

_____

**(continued…)**

bidder or offeror requested in an invitation for bid or request for proposals to demonstrate the bidder's or offeror's economic capability[.]").

6

contract. 65 P.S. §67.708(b)(26). This matter is before the OOR on remand to consider whether the redacted information is exempt from disclosure pursuant to 65 P.S. §67.708(b)(11). Where a case is remanded for a specific and limited purpose, issues not encompassed with the remand order may not be considered on remand. *See Levy v. Senate of* [*Pennsylvania*, 94 A.3d 436, 442 (Pa. Cmwlth. 2014)] (not considering issues under the RTKL not within the scope of a remand order). A remand does not permit a litigant a "proverbial second bite at the apple." *Id.* Therefore, the OOR cannot consider Wexford's new defense to redacting this information.

R.R. at 427a (citation omitted). Wexford then filed the instant petition for our review of OOR's Final Determination.[7]

On appeal,[8] Wexford argues that OOR erred in refusing to consider whether the financial information is exempt from disclosure under Section 708(b)(26) of the RTKL, and in determining that Wexford did not sustain its burden of proving that the financial information is exempt from disclosure as confidential proprietary information under Section 708(b)(11). We do not agree.

With respect to the former claim, we note that Wexford's Application for Leave to Intervene in the *Maulsby* appeal alleged the following, in relevant part:

> 14. The Wexford Contract contains highly confidential and proprietary information, which is and must be protected from disclosure pursuant to the

---

[7] This Court's review of OOR's Final Determination is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 467 (Pa. 2013).

[8] By October 9, 2019 letter, the Department informed this Court that it would not be filing a brief in this case. By November 22, 2019 order, this Court precluded Requester from filing a brief or participating in this matter based on his failure to comply with our prior order directing the filing of a brief.

RTKL's exemption provisions, including the specific exemption for confidential and proprietary information, 65 P.S. §67.708(b)(11).

Application for Leave to Intervene (No. 1222 C.D. 2014, filed July 21, 2014) ¶14. Moreover, in the appellate brief that Wexford filed as Intervenor, Wexford only argued the applicability of the exemption contained in Section 708(b)(11) of the RTKL, and did not assert that the requested financial information is exempt from disclosure under Section 708(b)(26) as well. *See* Intervenor's Brief (No. 1222 C.D. 2014, filed November 3, 2014) at 5-6, 10, 12-17.[9] This is precisely why this Court issued the limited remand order in *Maulsby* directing that "Wexford should be afforded an opportunity to challenge the release of any purported confidential proprietary information" because "[t]he General Assembly specifically chose to protect this type of information in section 708(b)(11) of the RTKL." *Id.* at 593.

This Court has recently observed:

> Pa. R.A.P. 2591(a) states, in pertinent part: "On remand of the record the . . . government unit below shall proceed in accordance with the judgment or other order of the appellate court[.]" *See also* Section 706 of the Judicial Code, 42 Pa. C.S. §706 ("An appellate court may affirm [or] vacate . . . any order brought before it for review, and may remand the matter and . . . require the entry of such appropriate order . . . as may be just under the circumstances.").

---

[9] It is appropriate for this Court to take judicial notice of Wexford's filings in this Court in the *Maulsby* appeal. *See, e.g.*, Pa. R.E. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Lozado v. Workers' Compensation Appeal Board (Dependable Concrete Work)*, 123 A.3d 365, 374 n. 10 (Pa. Cmwlth. 2015) ("The trial court orders were not included in the certified record. However, 'it is well settled that this Court may take judicial notice of pleadings and judgments in other proceedings where appropriate.' *Lycoming County v. Pennsylvania Labor Relations Board*, 943 A.2d 333, 335 n. 8 (Pa. Cmwlth. 2007).").

As this Court has explained:

> "[I]t has long been the law in Pennsylvania that following remand, a lower court is permitted to proceed only in accordance with the remand order." *Commonwealth v. Sepulveda*, [144 A.3d 1270, 1280 n.19 (Pa. 2016)]. In [*Levy*], which the Supreme Court cited with approval in *Sepulveda*, this Court explained: "Where a case is remanded for a specific and limited purpose, 'issues not encompassed within the remand order' may not be decided on remand. A remand does not permit a litigant a 'proverbial second bite at the apple.'" [*Id.*] at 442 (quoting *In re Indep. Sch. Dist. Consisting of the Borough of Wheatland*, 912 A.2d 903, 908 (Pa. Cmwlth. 2006)).

> *Marshall v. Commonwealth*, 197 A.3d 294, 306 (Pa. Cmwlth. 2018), *aff'd*, 214 A.3d 1239 (Pa. 2019). Accordingly, we will not consider any issues that have been raised that are beyond the confines of our remand order herein.

*Marshall v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1115 C.D. 2019, filed October 8, 2020), slip op. at 9-10.[10] Likewise, in this case, OOR did not err in refusing to consider any additional exemption under the RTKL that Wexford did not assert in any manner in its Application for Leave to Intervene or in its Intervenor's Brief that it filed in the *Maulsby* appeal prior to the issuance of this Court's limited remand order in that matter.[11]

---

[10] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this Court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

[11] *See also Levy*, 94 A.3d at 442 (citations omitted), wherein this Court stated:

> Where a case is remanded for a specific and limited purpose, "issues not encompassed within the remand order" may

**(Footnote continued on next page…)**

9

Finally, Wexford claims that OOR erred in determining that it did not sustain its burden of proof with respect to the claimed exemption of the financial records under Section 708(b)(11) of the RTKL. However, as this Court has noted:

> Under the RTKL, an agency bears the burden of proving, by a preponderance of the evidence, that a record is protected from disclosure under one of the enumerated exemptions or contains privileged material. Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1); *McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 380 (Pa. Cmwlth. 2014).[12] A preponderance of the evidence is a finding "that the existence of a contested fact is more probable than its nonexistence." *Pennsylvania State Troopers Association v. Scolforo*, 18 A.3d 435, 439 (Pa. Cmwlth. 2011) (internal quotation marks omitted).
>
> An agency may present sufficient evidence by the submission of affidavits. *McGowan*, 103 A.3d at 381.
>
>> Affidavits are the means through which a governmental agency . . . justifies nondisclosure of the requested documents under each exemption upon which it relied . . . . The affidavits must be detailed, nonconclusory, and submitted in good faith. . . . Absent evidence of bad faith, the veracity

**(continued…)**

> not be decided on remand. A remand does not permit a litigant a "proverbial second bite at the apple."
>
> Here, the Supreme Court remanded "for consideration of the additional reasons for denial raised by the Senate to the Senate Appeal's Officer." As mentioned above, this new challenge was not submitted to the Senate Appeals Officer. Thus, it is beyond the scope of our Supreme Court's remand order.

[12] *See also Highmark Inc. v. Voltz*, 163 A.3d 485, 490 (Pa. Cmwlth. 2017) ("The party asserting an exemption bears the burden of proving the exemption applies.") (citations omitted).

> of an agency's submissions explaining reasons for nondisclosure should not be questioned.

> *McGowan*, 103 A.3d at 381 (quoting *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013) (citation omitted)). However, conclusory affidavits, standing alone, will not satisfy an agency's burden of proof under the RTKL. *Id.* Moreover, the affidavit must be specific enough to permit OOR or a reviewing court to ascertain whether the claimed exemption applies to the records. *McGowan*, 103 A.3d at 381.

*UnitedHealthcare of Pennsylvania, Inc. v. Pennsylvania Department of Human Services*, 187 A.3d 1046, 1059 (Pa. Cmwlth. 2018).

> Moreover, this Court has observed:

> > Section 102 of the RTKL defines "confidential proprietary information" as follows:

> > > Commercial or financial information received by an agency:

> > > (1) which is privileged or confidential; and

> > > (2) the disclosure of which would cause substantial harm to the competitive position of the person that submitted the information.

> > 65 P.S. §67.102. In determining whether certain information is "confidential," the OOR must consider "the efforts the parties undertook to maintain . . . secrecy." "In determining whether disclosure of confidential information will cause 'substantial harm to the competitive position' of the person from whom the information was obtained, an entity needs to show: (1) actual competition in the relevant market; and, (2) a likelihood of substantial injury if the information were released." "Competitive harm analysis 'is limited to harm flowing from the affirmative use of proprietary information by competitors.'"

11

*Crouthamel v. Department of Transportation*, 207 A.3d 432, 440-41 (Pa. Cmwlth. 2019) (citation omitted).

In this case, the Little Affidavit that Wexford offered in support of the exemption under Section 708(b)(11) of the RTKL states:

> 29. [Wexford] submitted the financial information in question only to demonstrate its and its subcontractor's economic capability to perform healthcare services for the Department.
>
> 30. This financial information is not generally known to the public, and would result in substantial harm to Wexford if disseminated.
>
> 31. Access to the financial statement information is limited to fewer than 8 individuals within the company, some with only limited access.

R.R. at 418a.

Such a conclusory affidavit, which merely parrots the statutory language of the confidential proprietary information exemption without specific detail as to how the exemption applies to the requested financial records is patently insufficient to prove that the records at issue are exempt from disclosure.[13]  Indeed,

_____

[13] *See, e.g.*, *Scolforo*, 65 A.3d at 1104, wherein we stated:

> The Affidavit contains no further specifics.  It is, therefore, without more, not sufficient to prove that the records are exempt [as internal, predecisional deliberations under Section 708(b)(10)(i) of the RTKL, 65 P.S. §67.708(b)(10)(i)].  While the Affidavit tracks the language of the exception it presupposes, rather than proves with sufficient detail, that the redacted Calendar entries are reflective of internal deliberations and, therefore, exempt from disclosure.  It is not enough to include in the Affidavit a list of subjects to which internal deliberations may have related.  The Affidavit must be specific enough to permit the OOR or this Court to ascertain how disclosure of the entries would reflect the internal deliberations on those subjects.  Because this Affidavit is not

**(Footnote continued on next page…)**

12

as OOR correctly explained, "While Mr. Little's [A]ffidavit sufficiently details the efforts undertaken to keep this information confidential, Mr. Little's affidavit provides no detail as to how disclosure of this information would be of value to Wexford's competitors." R.R. at 427a. Moreover, the Affidavit utterly fails to address the "actual competition in the relevant market," and the "likelihood of substantial injury if the information were released" via the "'harm flowing from the affirmative use of proprietary information by competitors.'" *Crouthamel*, 207 A.3d at 441. As a result, OOR did not err in concluding that Wexford failed to sustain its burden of proof in this regard.

Accordingly, OOR's Final Determination is affirmed.

_____

MICHAEL H. WOJCIK, Judge

---

**(continued…)**

detailed, but rather conclusory, *Manchester* [*v. Drug Enforcement Admin.*, 823 F. Supp. 1259, 1265 (E.D. Pa. 1993), *aff'd*, 40 F.3d 1240 (3d Cir. 1994)], it is not sufficient, standing alone, to prove that the Calendar entries are exempt from disclosure.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wexford Health Sources, Inc.,    :
    :
             Petitioner    :
    :
           v.    :  No. 818 C.D. 2019
    :
Pennsylvania Department of    :
Corrections and Vernon Maulsby,    :
    :
          Respondents    :

# **O R D E R**

AND NOW, this 6th day of January, 2021, the Final Determination of the Office of Open Records, dated June 6, 2019, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge