# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

C.R.-F.,                                    :
                 Petitioner          :
                                :
                                :  **CASE SEALED**
        v.                              :  No. 2205 C.D. 2015
                                :  Submitted: March 18, 2016
Department of Human Services,               :
                Respondent        :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION BY JUDGE BROBSON**       **FILED: January 12, 2017**


Petitioner C.R.-F. petitions for review of an order of the Department of Human Services (Department), Bureau of Hearings and Appeals (BHA), dated October 29, 2015, denying reconsideration of BHA's order, dated October 9, 2015.[1] BHA's order, dated October 9, 2015, granted a motion filed by the Northampton County Department of Human Services, Children, Youth & Families Division (County Human Services),[2] seeking a stay of a child abuse

---

[1] To the extent Petitioner sought to appeal BHA's order, dated October 9, 2015, which granted a stay of Petitioner's child abuse expunction appeal, the appeal is not timely, because Petitioner failed to file the petition for review within thirty days of the October 9, 2015 order. *Keith v. Dep't of Pub. Welfare*, 551 A.2d 333 (Pa. Cmwlth. 1988). The Court is treating Petitioner's appeal as a timely appeal of BHA's October 29, 2015 order, which denied reconsideration.

[2] County Human Services is an intervenor in this matter. By letter dated February 16, 2016, Department notified the Court that it agrees with the position advanced by County Human Services and did not intend to file a brief or participate in oral argument should one be scheduled.

expunction appeal filed by Petitioner. We now affirm BHA's order denying reconsideration.

The background of this matter is as follows. On or about June 25, 2015, County Human Services filed an indicated report of child abuse against Petitioner, relating to an allegation that Petitioner slapped or struck her minor child on April 27, 2015, thereby causing bodily injury.[3] As a result of the indicated report of child abuse, Department placed Petitioner's name on the Childline Registry.[4]

On June 29, 2015, Petitioner's spouse (the minor child's other parent) filed in a court of common pleas a petition for protection from abuse (PFA) against Petitioner on behalf of their minor child, based, in part, on the alleged incident that took place on April 27, 2015. The court of common pleas entered a temporary PFA order on June 29, 2015, and scheduled a hearing for October 5, 2015.[5]

---

[3] An "indicated report" is defined as:

> A child abuse report made pursuant to this chapter if an investigation by the county agency or [Department] determines that substantial evidence of the alleged abuse exists based on any of the following:
>
> (1) Available medical evidence.
>
> (2) The child protective service investigation.
>
> (3) An admission of the acts of abuse by the perpetrator.

Section 6303(a) of the Child Protective Services Law (CPSL), 23 Pa. C.S. § 6303(a).

[4] The Childline Registry is a unit of Department that operates a statewide toll-free system for receiving and maintaining reports of suspected child abuse, along with making referrals for investigation. 55 Pa. Code § 3490.4.

[5] The court of common pleas entered the PFA order subject to the current custody order relating to the minor child. By way of explanation, Petitioner and the minor child's other parent were in the middle of divorce and custody proceedings during the relevant time periods.

Petitioner then appealed the indicated report of child abuse to BHA, seeking expunction of the report, and BHA scheduled a hearing before Administrative Law Judge Andrew P. Maloney (ALJ) to be conducted on October 21, 2015. Petitioner filed an unopposed application for continuance of the PFA hearing, seeking to have the matter continued by agreement of counsel for Petitioner and Petitioner's spouse until after the decision on the child abuse expunction appeal. (R.R. at 46.) The court of common pleas granted the application for continuance, continuing the matter until December 2, 2015.

On or about October 7, 2015, County Human Services filed with BHA a motion to stay the child abuse expunction appeal, observing that the PFA action "involve[s] the same factual circumstances" as the appeal before BHA. (R.R. at 17.) County Human Services also observed that Section 6303 of the Child Protective Services Law (CPSL), 23 Pa. C.S. § 6303, was amended, effective December 18, 2014, to provide that the granting of a final PFA order in certain circumstances serves as the basis for the filing of a founded report.[6] County

---

[6] Section 6303 of the CPSL, 23 Pa. C.S. § 6303, defines, in part, a "founded report" to be

[a] child abuse report involving a perpetrator that is made pursuant to this chapter, if any of the following applies:

. . . .

(4) A final protection from abuse order has been granted under section 6108 [of the Protection from Abuse Act, 23 Pa. C.S. § 6108] (relating to relief), when the child who is a subject of the report is one of the individuals protected under the protection from abuse order and:

(i) only one individual is charged with the abuse in the protection from abuse action;

(ii) only that individual defends against the charge;

**(Footnote continued on next page…)**

3

Human Services, citing Section 6303 of the CPSL, contended that disposition of the PFA action "may provide the basis for a founded report, which in turn would provide the basis for dismissal of the instant appeal." (R.R. at 18.) County Human Services averred that if the hearing on the child abuse expunction appeal precedes the final hearing in the PFA action, "the possibility exists for inconsistent determinations" from BHA and the court of common pleas "on the same set of factual circumstances." (*Id.*) County Human Services further averred that if BHA were to dispose of the child abuse expunction appeal prior to resolution of the PFA, then Petitioner would be circumventing the provisions of Section 6303 of the CPSL, which allows final PFA orders to serve as a basis for a founded report. (*Id.*)

In addition to challenging the factual allegations contained in the indicated report of child abuse, Petitioner countered that the child abuse expunction appeal should proceed first, because the PFA is based upon the indicated report. Thus, the outcome of the appeal would have an impact upon the PFA action and could warrant dismissal of the PFA action. Petitioner does not dispute that the alleged factual circumstances contained in the indicated report are central to the PFA action.

By order dated October 9, 2015, BHA granted County Human Services' motion for a stay. On October 21, 2015, Petitioner filed a motion for

---

**(continued…)**

> (iii) the adjudication involves the same factual circumstances involved in the allegation of child abuse; and

> (iv) the protection from abuse adjudication finds that the child abuse occurred.

4

reconsideration, which BHA denied by order dated October 29, 2015. Petitioner then petitioned this Court for review.

On appeal, Petitioner argues that BHA abused its discretion by granting County Human Services' request for a stay. By order dated November 18, 2015, this Court, *sua sponte*, directed the parties to address in their briefs the additional question of whether the underlying order is a non-appealable interlocutory order.[7] Thus, the Court is also faced with the question of whether the order, dated October 29, 2015, denying reconsideration is an appealable order.

In order to determine whether the order denying reconsideration is an appealable order, we will consider whether BHA's underlying order, dated October 9, 2015, granting a stay, is an appealable order. In so doing, we observe that while the order purports to merely grant a stay of the child abuse expunction appeal by Petitioner, it effectively denies Petitioner the right to a timely hearing under Section 6341(c.2) of the CPSL, 23 Pa. C.S. § 6341(c.2). Section 6341(c.2) of the CPSL provides, in part, that a person making an appeal under subsection (a)(2) or (c) of Section 6341 of the CPSL, such as Petitioner in this matter,

> *shall have the right to a timely hearing to determine the merits of the appeal.* A hearing shall be scheduled according to the following procedures:
>
> (1) *Within ten days of receipt of an appeal pursuant to this section, the department shall schedule a hearing on the merits of the appeal.*
>
> (2) The department shall make reasonable efforts to coordinate the hearing date with both the appellee and appellant.

---

[7] Despite this Court's order, Petitioner has not provided discussion of the issue.

5

(3) After reasonable efforts required by paragraph (2) have been made, the department shall enter a scheduling order, and *proceedings before the Bureau of Hearings and Appeals shall commence within 90 days of the date the scheduling order is entered, unless all parties have agreed to a continuance. Proceedings and hearings shall be scheduled to be heard on consecutive days whenever possible, but if not on consecutive days, then the proceeding or hearing shall be concluded not later than 30 days from commencement.*

(Emphasis added.) The only apparent exception to the right to a timely hearing is contained in Section 6341(d) of the CPSL, 23 Pa. C.S. § 6341(d), which provides for an *automatic stay* of proceedings relating to a request to expunge an indicated report "upon notice to [DHS] by either of the parties when there is a pending *criminal proceeding or a dependency or delinquency proceeding* pursuant to 42 Pa. C.S. Ch. 63 (relating to juvenile matters), including any appeal thereof, involving the same factual circumstances as the administrative appeal." (Emphasis added.) No other provision of the CPSL abrogates a person's right to a timely hearing. [8]

---

[8] The purpose of the CPSL is, in part, "to encourage more complete reporting of suspected child abuse [and] . . . to establish in each county protective services for the purpose of investigating the reports *swiftly* and competently." Section 6302 of the CPSL, 23 Pa. C.S. § 6302 (emphasis added). When a report of suspected child abuse is determined . . . to be a founded report or an indicated report, the status of the report is entered on the Childline registry." Section 6338 of the CPSL, 23 Pa. C.S. § 6338. It is only after an indicated report is included on the registry that a person who is listed as a perpetrator of abuse shall have a right to a post-deprivation hearing to have the report amended or expunged. Section 6341(a)(2) of the CPSL, 23 Pa. C.S. § 6341(a)(2). The General Assembly, however, likely recognizing that despite the CPSL's goal of swift investigation, "there is substantial stigma associated with inclusion of one's name in a child-abuse registry," *G.V. v. Department of Public Welfare*, 91 A.3d 667, 675 (Pa. 2014) (Saylor, J., concurring), provided in the CPSL for swift dispositions of requests to amend or expunge. In other words, the General Assembly, in balancing the need for swift investigation with the rights of identified perpetrators, included provisions in the CPSL **(Footnote continued on next page…)**

With that background in mind, we consider whether BHA's order, dated October 9, 2015, is an appealable order. Pa. R.A.P. 341 provides that "an appeal may be taken as of right from any final order of a government unit," and it defines a final order as an order that "disposes of all claims and of all parties" or "is entered as a final order pursuant to Pa. R.A.P. 341(c)." Certain enumerated categories of interlocutory appeals are permitted as of right, Pa. R.A.P. 311, and in other circumstances, a party may seek permission to appeal an interlocutory order, Pa. R.A.P. 312. Appeals may also be taken as of right from a collateral order of an administrative agency, which is defined as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa. R.A.P. 313. Here, there is no dispute that the order in question is not a final order. Moreover, the order in question does not fall within any of the enumerated categories of interlocutory orders that are appealable as of right, and Petitioner did not seek permission to appeal under Pa. R.A.P. 1311. BHA's order, dated October 9, 2015,

---

**(continued…)**

indicating that time is of the essence when considering requests to amend or expunge. Specifically, under the CPSL, the General Assembly provided limited discretion with regard to the scheduling of hearings—it does not grant BHA discretion to extend the time period for a hearing unless both parties agree to an extension of time. Rather, the CPSL provides that the Department must engage in efforts to coordinate a hearing date, schedule the hearing within ten (10) days of the request, *commence the hearing within 90 days of the date of the scheduling order unless the parties have agreed to a continuance*, schedule hearings on consecutive days (if possible), and conclude the hearing within thirty days of commencement. Section 6341(c.2) of the CPSL. The only "stay provision" in the CPSL provides for an automatic stay upon notice to the Department in limited, specified circumstances not applicable to the matter at hand. Section 6341(d) of the CPSL.

7

granting a stay of the child abuse expunction appeal by Petitioner, however, constitutes a collateral order under Pa. R.A.P. 313, because it effectively denies Petitioner the right to a timely hearing that is afforded to her under Section 6341(c.2) of the CPSL. The issue of whether Petitioner is entitled to a timely hearing is "separable from and collateral to" the merits of her request for expungement, the right to a timely hearing "is too important to be denied review," and, if review is postponed until BHA disposes of her appeal, the "claim will be irreparably lost." *See* Pa. R.A.P. 313(b). Because the underlying order dated October 9, 2015, is appealable as a collateral order, we will consider an order denying reconsideration of the October 9, 2015 order to be appealable as a collateral order as well.

In reviewing an order denying reconsideration, we are limited to considering whether BHA abused its discretion in denying reconsideration. *Payne v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 928 A.2d 377, 379 (Pa. Cmwlth. 2007). An abuse of discretion in the denial of reconsideration of an administrative agency decision occurs only where the challenger establishes that the order is manifestly unreasonable or is based upon bad faith, fraud, capricious action, or an abuse of power. *Id.*

With that in mind, we consider whether BHA abused its discretion when it entered a stay of the proceedings. The underlying issue before the ALJ was whether a pending and related PFA proceeding supported a stay of the child abuse expunction appeal. In her brief, Petitioner argues that BHA erred in entering a stay based upon the automatic stay provision, because a PFA action is not a

8

criminal proceeding nor a dependency or delinquency proceeding.[9]  A review of the motion for stay reveals that County Human Services did not specifically request the stay pursuant to the automatic stay provision contained in Section 6341(d) of the CPSL.  Moreover, BHA acknowledged in its order denying reconsideration that PFA actions do not constitute grounds for an automatic stay, but nevertheless concluded that a stay was warranted.  BHA reasoned:

> When considering the CPSL as a whole, the furthering of judicial efficiency and not subjecting alleged perpetrators and subject children to the financial and emotional consequences of duplicative evidentiary hearings strongly weigh in favor of treating PFA matters that may form the basis of a founded report like those filed in criminal and dependency matters.

(C.R., Item No. 7.)  While BHA arguably may have erred in granting the stay, given that the automatic stay provision of Section 6341(d) of the CPSL is inapplicable and that hearings must take place within 90 days of the date of the scheduling order unless agreed to by the parties, we nevertheless must conclude that Petitioner has failed to establish the requirements for reversing the denial of reconsideration.  More specifically, Petitioner has not established that the BHA's decision is anything more than a possible error of law.  As noted above, Petitioner bore the burden to show that the "order is manifestly unreasonable or is based upon

---

[9]  A proceeding to obtain a PFA under the Protection from Abuse Act, 23 Pa. C.S. §§ 6101-6122, is civil in nature because it is designed to stop perpetration of abuse, while an indirect criminal contempt prosecution stemming from an alleged violation of a PFA is criminal in nature because it punishes an individual for violation of a PFA. *Commonwealth v. Nelson*, 690 A.2d 728, 731 (Pa. Super. 1997).  County Human Services does not argue that a PFA action constitutes criminal proceeding.

9

bad faith, fraud, capricious action, or an abuse of power," *see Payne*, 928 A.2d at 379, and she has not done so.

Accordingly, we affirm the BHA's order denying reconsideration.

_____
P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

C.R.-F.,                                   :
                    Petitioner             :
                                           :
                                           :    **CASE SEALED**
           v.                              :    No. 2205 C.D. 2015
                                           :
Department of Human Services,              :
                    Respondent             :


# **O R D E R**


AND NOW, this 12th day of January, 2017, the petition for review of the order of the Department of Human Services, Bureau of Hearings and Appeals (BHA), dated October 29, 2015, denying reconsideration of BHA's order, dated October 9, 2015, is AFFIRMED.


_____
P. KEVIN BROBSON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

C.R.-F.,                              :
                 Petitioner          :
                                     :   No.  2205 C.D. 2015
        v.                           :
                                     :   Submitted:  March 18, 2016
Department of Human Services,        :
                 Respondent          :   CASE SEALED


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


DISSENTING OPINION
BY JUDGE McCULLOUGH                          FILED:  January 12, 2017


        I respectfully dissent because I believe that the Department of Human Services, Bureau of Hearings and Appeals (BHA), lacked the authority to grant the motion of the Northampton County Department of Human Services, Children, Youth & Families Division (County Human Services) for stay of C.R.-F.'s (Petitioner's) expunction appeal.

        On June 25, 2015, County Human Services filed an indicated report of child abuse against C.R.-F. (Petitioner), relating to an allegation that she slapped or struck her minor child on April 27, 2015, thereby causing bodily injury.  Four days later, on June 29, 2015, Petitioner's spouse and the minor child's other parent, filed a petition for a protection from abuse (PFA) against Petitioner on behalf of the minor child in the local common pleas court.  The common pleas court entered a temporary PFA order that day and scheduled a hearing for October 5, 2015.

Around the same time, Petitioner appealed the indicated report of child abuse to BHA, seeking expunction of the report, and BHA scheduled a hearing for October 21, 2015.

Petitioner thereafter filed an unopposed application for a continuance of the PFA hearing, seeking to have said hearing continued until after the decision on her expunction appeal before BHA. The common pleas court granted Petitioner's application and rescheduled the PFA hearing for December 2, 2015. Shortly thereafter, County Human Services filed a motion with BHA for stay of Petitioner's expunction appeal until after the common pleas court issues its final order in the PFA proceeding. BHA granted this motion and stayed the proceedings before it. Petitioner sought reconsideration, which BHA denied, and now seeks review before this Court.

As the Majority aptly notes, "[t]he underlying issue before the ALJ was whether a pending and related PFA proceeding supported a stay of the child abuse expunction appeal." (Slip op. at 8.) Additionally, the Majority concedes the grant of this motion "effectively denies Petitioner the right to a timely hearing under Section 6341(c.2) of the [Child Protective Services Law (CPSL)], 23 Pa. C.S. §6341(c.2)." (Slip op. at 5.) Section 6341(c.2) of the CPSL sets forth the procedure for expunction hearings and provides, in relevant part, as follows:

> A person making an appeal under subsection (a)(2) or (c) shall have the right to a timely hearing to determine the merits of the appeal. A hearing shall be scheduled according to the following procedures:
>
> (1) Within ten days of receipt of an appeal pursuant to this section, the department shall schedule a hearing on the merits of the appeal.

> (2) The department shall make reasonable efforts to coordinate the hearing date with both the appellee and appellant.
>
> (3) After reasonable efforts required by paragraph (2) have been made, the department shall enter a scheduling order, and proceedings before the Bureau of Hearings and Appeals shall commence within 90 days of the date the scheduling order is entered, unless all parties have agreed to a continuance. Proceedings and hearings shall be scheduled to be heard on consecutive days whenever possible, but if not on consecutive days, then the proceeding or hearing shall be concluded not later than 30 days from commencement.

23 Pa.C.S. §6341(c.2)(1)-(3). Moreover, section 6341(d) of the CPSL addresses a stay of proceedings, providing as follows:

> Any administrative appeal proceeding pursuant to subsection (b) shall be automatically stayed upon notice to the department by either of the parties when there is a pending criminal proceeding or a dependency or delinquency proceeding pursuant to 42 Pa.C.S. Ch. 63 (relating to juvenile matters), including any appeal thereof, involving the same factual circumstances as the administrative appeal.

23 Pa.C.S. §6341(d). Indeed, the Majority recognizes section 6341(d) as the "only apparent exception to the right to a timely hearing" and that "[n]o other provision of the CPSL abrogates a person's right to a timely hearing." (Slip op. at 6.)

Nevertheless, the Majority ignores these statutory mandates, focusing instead on Petitioner's purported inability to meet her burden of proving that BHA abused its discretion in denying reconsideration of its order granting the stay. Respectfully, I believe that said denial was in error as BHA lacked the authority to grant the stay in the first place. BHA's authority is limited under the statutory

provisions set forth above. There is no dispute that PFA proceedings do not constitute grounds for an automatic stay. In fact, BHA acknowledged as much in its order denying reconsideration. Further, the CPSL simply does not grant BHA discretion to extend the time period for a hearing unless both parties agree to such an extension. To the contrary, section 6341(c.2) requires BHA to enter a scheduling order within ten days of an appeal being filed and further requires that the hearing be conducted within ninety days of the date of the scheduling order, unless the parties agree otherwise.

For these reasons, I would reverse BHA's order denying reconsideration of its order granting the stay and remand to BHA to conduct a hearing on Petitioner's child abuse expunction appeal.

_____
PATRICIA A. McCULLOUGH, Judge